IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:02CR290
                                            Civil No. _____

KIRK L. LONEY

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 22, 2013, the Court denied Kirk L. Loney's 28 U.S.C. § 2255 motion ("§ 2255 Motion") and denied a certificate of appealability. United States v. Loney, No. 3:02CR290, 2013 WL 3816739, at *6 (E.D. Va. July 22, 2013). Since that time, Loney has inundated the Court with requests to reconsider the Court's decision. (See ECF Nos. 112-13, 115, 119, 121, 126.)

On September 12, 2013, Loney filed a Memorandum in Support of Motion for Leave to File Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) seeking to add new claims. ("Rule 15(d) Motion," ECF No. 115.) By Memorandum Opinion and Order entered December 19, 2013, the Court construed the Rule 15(d) Motion as a successive, unauthorized § 2255 motion and dismissed the motion for want of jurisdiction. United States v. Loney, Nos. 3:02CR290, 3:13CV836, 2013 WL 6729274, at *1-2 (E.D. Va. Dec. 19, 2013).

Loney next filed a "Motion to Reinstate Civil Action No. 3:13CV836," his successive, unauthorized § 2255 motion. (ECF No. 119.)  Loney also sought a motion for a certificate of appealability.  (ECF No. 121, at 3.)  Finding that Loney failed to demonstrate such action was warranted, by Memorandum Opinion and Order entered March 19, 2014, the Court denied the Motion to Reinstate.  The Court also denied the request for a certificate of appealability and indicated that Loney should file such a request in the United States Court of Appeals for the Fourth Circuit.  (ECF Nos. 123-24.)  By Memorandum Order entered on May 29, 2014, the Court denied Loney's second request for a certificate of appealability.  (ECF No. 128.)  The Fourth Circuit dismissed Loney's various appeals.  (ECF Nos. 130, 133, 135, 138.)

In his latest attempt to challenge his conviction and sentence, Loney has now filed a "MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO Fed. R. Civ. P. 60(b)(1), 60(b)(2) and 60(b)(3) + (4)."  ("Rule 60(b) Motion," ECF No. 131.)  In this Rule 60(b) Motion, Loney makes a variety of unsupported, conclusory accusations pertaining to all facets of his criminal proceedings hoping one will stick.  For example, Loney claims that under Fed. R. Civ. P. 60(b)(3),

> [t]he evidence in this case does not match what is in the plea and what was brought back in the Forensic Certificate of Analysis.  There is fraud in the

2

> inducement of [Loney's] plea agreement which presents prosecutorial misconduct and ineffective assistance of counsel. The plea agreement was breached by the virtue of the false information brought about in those proceedings. The lab report stipulated to powder cocaine and the plea agreement said it was crack. The Apprendi rule was violated because the penalty provisions are different by crack cocaine being under a more harsher penalty than powder cocaine when it comes to threshold findings and being sentenced outside the statutory guidelines maximum amount.

(Rule 60(b) Mot. 2.)   Loney also claims "Fraud" under Rule 60(b)(3), and lists a variety of blanket statements challenging probable cause to stop and arrest Loney, coercion into signing the plea agreement, and lack of medical care and "deplorable and unsanitary and inhumane conditions at the Richmond City Jail." (Id. at 3.)

Next Loney argues that "Pursuant to 60(b)(1) Surprises are not to be tolerated; 60(b)(4) Void Judgment."   (Id. at 4.) Loney claims:

> Petitioner was exposed to a big surprise when his July 9, 2012 first Supplemental Complaint was filed and construed as a second and successive § 2255 without a warning to withdraw or amend before recharacterizing this motion as a second or successive § 2255 motion. Petitioner was merely putting the Court on notice about the submission being submitted in 2012 in which the Court already ruled that it would have been untimely as if the motion had already been made when it took the timing and the motion into consideration in its July 22, 2013 consideration. Petitioner just wanted the court to be on notice about the level [of] mail misconduct going on at FCI Petersburg Medium which is affecting his right to access the courts in the most egregious way. Petitioner has DVD of actual factual events operating as best evidence that he will like to share with the

> Court by opening these proceedings back up as an
> original 2255 in order to show proof of this new
> evidence . . . .

(Id.)  To the extent Loney seeks to characterize this filing as a challenge the Court's July 22, 2013 Memorandum Opinion and Order dismissing a successive, unauthorized § 2255 motion, such a request is untimely as Loney had sixty days from that date to note an appeal, and indeed, filed such an appeal.  (See ECF No. 120.)

Instead, Loney's motion challenges the validity of his conviction and the Court's resolution of the merits of his § 2255 Motion.  As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted).  Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

4

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling.  See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).  A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)).  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls."  Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted).  "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover."  Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

As outlined above, Loney's Rule 60(b) Motion challenges various aspects of his arrest, plea negotiations and proceedings, the evidence against him, alleges prosecutorial misconduct, and ineffective assistance of counsel, and

5

challenges his sentence.[1]   Loney's Rule 60(b) Motion challenges his conviction and falls squarely within the ambit of 28 U.S.C. § 2255(a).   See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion).[2] Accordingly, the Clerk will be directed to file the Rule 60(b) Motion as a successive § 2255 Motion.   The Court has not received authorization from the Fourth Circuit to hear Loney's successive § 2255 Motion.   The § 2255 Motion (ECF No. 131) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(B).   A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This

---

[1]   The Court notes that Loney was released from federal prison in June 2013 but he nevertheless persists in filing frivolous motions in his criminal case.

[2]   Loney does not challenge "'some defect in the integrity of the federal habeas proceedings'" in the instant motion, thus, his motion is not a "true Rule 60(b) motion[]" United States v. McCrae, 793 F.3d 392, 2015 WL 4190665, at *5 (4th Cir. July 13, 2015) (quoting Gonzalez, 545 U.S. at 532), or a mixed Rule 60(b) motion and successive habeas application.   At most he seemingly challenges the Court's prior determination that his Supplemental Complaint was a successive unauthorized § 2255 motion.   (See Rule 60(b) Mot. 4.)   Loney's motion squarely attacks his criminal conviction and sentence.

6

requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Loney fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Loney.

It is so ORDERED.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 9, 2015

7