IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAR 24 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:02CR290
                                      Civil No. 3:17cv233

KIRK L. LONEY

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 22, 2013, the Court denied Kirk L. Loney's 28 U.S.C. § 2255 motion and denied a certificate of appealability. United States v. Loney, No. 3:02CR290, 2013 WL 3816739, at *6 (E.D. Va. July 22, 2013). Since that time, Loney has inundated the Court with requests to reconsider the Court's decision. (See ECF Nos. 112-13, 115, 119, 121, 126, 131.)

By Memorandum Opinion and Order entered on September 10, 2015, the Court dismissed his "MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO Fed. R. Civ. P. 60(b)(1), 60(b)(2) and 60(b)(3) + (4)" as an unauthorized, successive § 2255 Motion. ("Rule 60(b) Motion," ECF No. 131.) Undeterred, on October 13, 2015, the Court received a document titled, "MOTION FOR RECONSIDERATION OF A TRUE 60(b) MOTION." ("Motion to Reconsider," ECF No. 143.) In this Motion to Reconsider, Loney claims that his previously denied Rule 60(b) Motion is "actually a true 60(b) motion . . . as evidence came to light and would

have presented a different outcome had the evidence been known by petitioner before judgment was past [sic] in these proceedings." (Mot. Reconsider 1.) Like a broken record, Loney once again challenges the sufficiency of the evidence to support his conviction, alleges fraud by police and the prosecution, raises challenges to the plea agreement, and drug quantity and type. Loney appears to have merely cut and pasted an entire section from his prior Rule 60(b) Motion. (See Motion to Reconsider 3-7; Rule 60(b) Mot. 2-4.)

Loney's Motion to Reconsider challenges the validity of his conviction and the Court's resolution of the merits of his § 2255 Motion. As explained below, the Motion to Reconsider must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

As outlined above, Loney's Motion to Reconsider challenges various aspects of his arrest, plea negotiations and proceedings, the evidence against him, alleges prosecutorial

3

misconduct, and ineffective assistance of counsel, and challenges his sentence. Loney's Motion to Reconsider challenges his conviction and falls squarely within the ambit of 28 U.S.C. § 2255(a). See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion).[1] Accordingly, the Clerk will be directed to file the Motion to Reconsider as a successive § 2255 Motion. The Court has not received authorization from the Fourth Circuit to hear Loney's successive § 2255 Motion. The § 2255 Motion (ECF No. 143) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

---

[1] As previously explained, Loney does not challenge "'some defect in the integrity of the federal habeas proceedings'" in the instant motion, thus, his motion is not a "true Rule 60(b) motion[]" United States v. McCrae, 793 F.3d 392, 2015 WL 4190665, at *5 (4th Cir. July 13, 2015) (quoting Gonzalez, 545 U.S. at 532), or a mixed Rule 60(b) motion and successive habeas application. At most he seemingly challenges the Court's prior determination that his Rule 60(b) Motion was successive. Despite this passing reference that the Court should not have construed his Rule 60(b) as successive, he raises verbatim the claims in his Rule 60(b) and thus, the Motion to Reconsider squarely attacks his criminal conviction and sentence.

4

requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Loney fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Loney.

It is so ORDERED.

/s/ R E P
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 23, 2017